STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 96-7-12 Vtec |
|---|---|
| Roger Rowe et al A250 Gravel Pit | DECISION ON MOTION |

**Decisions on Cross-Motions for Summary Judgment**

This matter relates to an existing gravel pit located off Furnace Road in Pittsford, Vermont. Roger and Erma Rowe obtained an Act 250 Land Use Permit to operate the gravel pit in 1980 (Permit #1R0387). In 2001, Casella Construction, Inc. and the Rowes applied for and received an Act 250 Permit Amendment in order to enlarge the pit (Permit #1R0387-2). Permit #1R0387-2 was appealed to the former Environmental Board by a group of interested parties and the applicants. The parties reached a Settlement Agreement dated April 1, 2003, which they filed with the Environmental Board. The Environmental Board issued Permit #1R0387-2-EB (the EB Permit), expressly incorporating the Settlement Agreement as well as amended conditions from Permit #1R0387-2. Among others, the EB Permit included conditions restricting the amendment of permit conditions regarding phasing, rates of extraction, and reclamation.

In February 2012, Casella Construction, Inc., Roger and Erma Rowe, and the State of Vermont (Applicants) filed an application to amend the EB Permit to expand the existing pit onto a portion of adjacent lands owned by the State of Vermont and to extract up to 100,000 cubic yards of gravel per year in five phases over a 20-year period. Neighboring property owners, including Lawrence and Mary Marzec-Gerrior (the Neighbors), opposed the amendments, which they argued were barred by the terms of the EB Permit. On June 21, 2012, District Commission #1 (the Commission) dismissed the application concluding that the permit amendment was barred. Casella Construction, Inc. (Appellant) timely appealed the Commission's dismissal to this Court and raise four questions for the Court's review. These questions include whether an Act 250 permit amendment may be approved. Our consideration

of this matter was placed on inactive status while the parties litigated related issues in the Civil Division of the Vermont Superior Court.

Neighbors' now move to dismiss the application arguing that it is barred by the parties' prior agreement or Act 250 Rule 34(E). Appellant opposes the motion and argues that, based upon the undisputed material facts, the amendment application is not barred as a matter of law. No other party filed in response to Neighbors' motion. We treat Neighbors' motion to dismiss as a motion for summary judgment pursuant to V.R.C.P. 56. See Hinesburg Hannaford Wetland Determination, Docket No. 73-5-14, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 4, 2015) (Walsh, J) (citing V.R.C.P. 12(b)) (noting that when asked to consider materials outside the pleadings the Court is to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment).

Appellant is represented in this appeal by Harry R. Ryan, Esq. and Allan R. Keyes, Esq.; Neighbors are represented by Benjamin W. Putnam, Esq.; the Natural Resources Board is represented by Gregory J. Boulbol, Esq.; Vermont Department of Buildings and General Services is represented by Jeff W. Lively, Esq.; and interested parties Kelly Lyon, Anita Lyon, Kim Lyon-Pratt, Keith and Christine Maseroni, and Scott and Kathleen McVey are unrepresented by counsel.

For the sole purpose of putting the pending motions into context the Court recites the follow facts which are undisputed:

### Factual Background

1. In 1980 Roger and Erma Rowe obtained Land Use Permit #1R0387 to operate the gravel pit on their property off Furnace Road in Pittsford, Vermont (the Rowe Pit).

2. The Rowe Pit encompassed an area of 19.6 acres of the total 53.9 acres owned by the Rowes.

3. In 2001 Casella Construction, Inc. and the Rowes applied for and received an Act 250 Permit Amendment to enlarge the Rowe Pit (Permit #1R0387-2). A group of interested parties, including the Marzec-Gerriors (the Neighbors), appealed Permit #1R0387-2.

4.     On February 12, 2003, the Rowes and Casella Construction, Inc., entered into a Settlement Agreement with the interested parties, including the Marzec-Gerriors (Settlement Agreement).

5.     On April 17, 2003 the Environmental Board issued amended Act 250 Land Use Permit #1R0387-2-EB (the EB Permit), with three conditions.

6.     Condition #1 of the EB Permit expressly incorporated all but conditions 3 and 14 of Permit #1R0387-2, as well as the parties' Settlement Agreement filed with the Environmental Board on February 12, 2003.

7.     Permit #1R0387-2 authorized the extraction of 100,000 cubic yards of gravel annually from the Rowe Pit; the construction of a temporary scale, scale housing building, and washroom facilities adjacent to the existing gravel extraction operation; and progressive reclamation as the Rowe Pit expanded.

8.     Condition 7 of Permit #1R0387-2 required that commercial extraction from the Rowe Pit cease and that the entire site be certified as fully reclaimed by affidavit to the Town and the Commission no later than October 15, 2010.

9.     Condition 33 of Permit #1R0387-2 required that all gravel extraction and site reclamation be completed by September 15, 2010.

10.     Paragraph (1)(e) of the Settlement Agreement required excavation in four phases, with reclamation and restoration to occur as part of each phase.

11.     Paragraph (1)(p) of the Settlement Agreement states that "[a]bsent emergency as detailed in the Pittsford Approval (condition 15), or change of circumstances beyond Permittees' control, no amendment shall be allowed to the permit conditions regarding: phasing of the project, monthly and yearly rate of extraction, crusher size and capacity; use of hammers; outside materials reclamation; hours of operation."

12.     The permitted activity at the Rowe Pit concluded by October 15, 2010.  Operation of the Rowe Pit ceased, the pit was reclaimed, and certified as such, all in compliance with EB Permit conditions 7 and 33.

3

13.     On February 17, 2012 Appellants filed an application to amend Permit #1R0387-2 (Application #1R0387-3). Application #1R0387-3 proposes the extraction of 100,000 cubic yards of gravel from 15.6 acres of land owned by the Rowes and the State of Vermont.

14.     Of the 15.6 acres proposed for excavation, 5.9 acres are owned by the State of Vermont and 9.7 acres are owned by Roger and Erma Rowe. Of the 9.7 acres owned by the Rowes, 5.7 acres overlap with the area permitted under the EB Permit.

15.     Approximately 5.7 acres proposed in Application #1R0387-3 overlap with the area permitted under the EB Permit. The Application proposes the excavation of 90,000 cubic yards of material from the Rowe Pit and will ultimately extend into a portion of adjacent lands owned by the State of Vermont.

16.     Application #1R0387-3 proposes the construction of a temporary scale, scale housing building, and washroom facility within the Rowe Pit's footprint.

17.     The extraction is proposed to occur in five phases over the course of 20 years.

18.     In April 2012 interested parties, including the Neighbors, filed motions to dismiss Application #1R0387-3, arguing that the plain terms of the EB Permit barred further expansion of the Rowe Pit.

19.     On June 21, 2012 the District Commission # 1 dismissed Application #1R0387-3, determining that Application #1R0387-3 is properly characterized as an amendment to the EB Permit rather than a new application for a separate and distinct project.

20.     Appellants appealed the Commission's decision dismissing Application #1R0387-3.

21.     This Court's consideration of Application #1R0387-3 was placed on inactive status while the parties litigated a collateral issue in the Civil Division of the Vermont Superior Court. The Civil Division issued a decision on August 27, 2014.

22.     The Neighbors filed this motion regarding whether Application #1R0387-3 is barred as a matter of law as a violation of condition (1)(p) of the Settlement Agreement and therefore the EB Permit and/or under Act 250 Rule 34(E).

## Analysis

The issues raised in this motion are whether Application #1R0387-3 seeks an amendment to the EB Permit and whether such an amendment is barred as a matter of law

4

under the EB Permit's conditions or Act 250 Rule 34(E). Neighbors argue that Application #1R0387-3 seeks to amend the EB Permit by adding additional phases to the original project, and that it is therefore barred by the prohibition on amendments to the phasing of the project in the Settlement Agreement's condition (p), adopted by reference into the EB Permit. Appellants disagree, arguing that the Application #1R0387-3 seeks authorization for a distinct project and not an amendment of the EB Permit, and that furthermore, they have complied with and satisfied the terms and conditions in the EB Permit, which do not apply to future development of the Property.

Act 250 amendment jurisdiction extends to any material change to a permitted project. Natural Resources Board Act 250 Rules, Rule 34(A), 16-5 Vt. Code R. § 200:34(A) [hereinafter Act 250 Rules]. The default definition of "permitted project," as that term is used in Rule 34(A), includes the entire tract of land on which construction occurs, "even if construction only occurs on a portion of it and regardless of the scope of, or nexus to, such construction." In re Stonybrook Condominium Owners Association, Decl. Ruling #385, Findings of Fact, Concl. of Law, & Order, at 14 (Vt. Envtl. Bd. May 18, 2001). This method "informs the world—the District Commission, the permittee, and all other interested persons—as to the lands that will be subject to scrutiny when further activities occur." Id. at 15. Within the Act 250 context, continued gravel extraction at a preexisting gravel pit bears a sufficient relationship to the permitted project and requires an amendment to the Land Use Permit governing that pit. See In re O'Neil Sand & Gravel, No. 48-2-07 Vtec, slip op. at 6–12 (Vt. Envtl. Ct. Sept. 11, 2009) (Wright, J.) (considering whether new gravel extraction at a preexisting gravel pit required or could obtain an Act 250 permit amendment).

Here, Appellants argue that Application #1R0387-3 does not seek to amend the EB Permit; rather, it seeks approval for a new gravel extraction operation on a separate and distinct area of land. (Appellants' Opposition at 7, filed Apr. 24, 2015). Appellants allege that the project permitted in the EB Permit (Original Project) has been completed, the project proposed in Application #1R0387-3 (the Proposed Project) was not contemplated in 2003, and that further excavation of the Rowe pit is necessary to access the gravel deposits on the State land. Neighbors disagree with this characterization of the Proposed Project. They argue that in

addition to identifying Application #1R0387-3 as an "Act 250 Land Use Permit Application Amendment Application" and the Proposed Project as "an amendment to the EB Permit," Appellants now propose to extend the excavation permitted in the EB Permit from the Rowe Pit onto the adjacent State land. (Neighbors Motion to Dismiss at 4, filed Apr. 6, 2015).

As permitted in the EB Permit, the Original Permit authorized a gravel extraction operation on the Rowe's 53.9 acre parcel. Although the extraction occurred on a 19.6 acre portion of the parcel (the Rowe Pit), the entire tract falls under Act 250 jurisdiction. See Stonybrook, Decl. Ruling #385, at 14. Appellants now seek approval for a gravel extraction operation on 15.6 acres, 5.9 of which are on land owned by the State of Vermont and 9.7 of which are on land owned by the Rowes and are under jurisdiction of the EB Permit.[1]

For most types of development, Act 250 permits, and thus Act 250 jurisdiction, remain in place indefinitely. Future development constituting a material change on a tract of land subject to Act 250 jurisdiction requires a permit amendment. See 10 V.S.A. § 6090(b)(1) ("Other permits issued under this chapter shall be for an indefinite term, as long as there is compliance with the conditions of the permit."). The legislature has elected, however, to establish separate rules for permits for the extraction of mineral resources and requires that those permits be for a "specified period determined by the board in accordance with the rules adopted under this chapter. . . ." 10 V.S.A § 6090(b)(1). The Natural Resources Board Act 250 Rules therefore <u>require</u> that permits granted for extraction of mineral resources "contain specific dates for completion of the project, reclamation of the land, <u>and for expiration of the land use permit</u>." Act 250 Rule 32(B) (emphasis added). Once the permit has expired and reclamation is complete, Act 250 jurisdiction over the parcel of land is extinguished. Thereafter, only new development independently triggering Act 250 jurisdiction requires Act 250 review and approval. <u>In re Huntley</u>, 2004 VT 115, 177 Vt. 596.

---

[1] The Proposed Project shares access with the Original Project and significant portions of the Original Project are proposed for staging and operational requirements. Approximately half of the gravel to be extracted over the life of the Proposed Project will be extracted from the Rowe's 9.7 acres, 7.2% of which, approximately 90,000 cubic yards, will be extracted from the 5.7 acres overlapping with the Rowe Pit. (Appellants' Opposition at Exhibit 3). The parties dispute whether the development proposed in Application #1R0387-3 is an extension of the project permitted under the EB Permit. If the Rowe property were still subject to Act 250 jurisdiction, the Court could conclude that a permit amendment was required and would have to decide whether the amendment is prohibited by the express conditions of the settlement agreement, the EB Permit, or Act 250 Rule 34(E).

The EB Permit includes specific dates for completion of the project and reclamation of the land. Condition 33 requires "[a]ll gravel extraction and site reclamation shall be completed in accordance with the approved plans by September 15, 2010 unless an extension of this date is approved in writing by the Commission." Condition 7 requires that "commercial extraction from the pit shall cease, and the entire site be certified by affidavit to the town and to the commission as fully reclaimed no later than October 15, 2010." The Court reads these conditions together as satisfying Act 250 Rule 32(b) and establishing the required dates of completion—September 15, 2010—and expiration of the EB Permit—October 15, 2010. The parties do not dispute that project authorized by the EB Permit was completed and reclaimed within this timeframe. As such, pursuant to Act 250 Rule 32(b), the EB Permit expired on October 15, 2010. It was on this date that Act 250 jurisdiction over the Rowe parcel ceased to exist. The Rowe pit is, therefore, no longer encumbered by the EB Permit or the incorporated terms of the parties' Settlement. Furthermore, there is no valid Act 250 land use permit for which an amendment is possible. Thus, Applicants' application for a permit amendment must be dismissed. Because Applicants propose a development of the Rowe Pit and State lands constituting an independent trigger of Act 250 jurisdiction, Applicants must seek a new permit authorizing mineral resource extraction of the Rowe Pit and adjacent State owned lands.

## Conclusion

For the above reasons, pursuant to V.R.C.P. 56(f)(2), the Court provides notice of our intent to **GRANT** summary judgment to Neighbors on grounds not raised by a party and dismiss the pending appeal. Pursuant to V.R.C.P. 56(f), the parties have **15 days from the date of this decision to file a response** to the Court's intended action.

Electronically signed on July 22, 2015 at 11:09 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

7